NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSICA LEE DAVIS; COREY DELL DAVIS,<br><br>           Plaintiffs - Appellants,<br><br> v.<br><br>PNC BANK, N.A.,<br><br>           Defendant - Appellee,<br><br>and<br><br>TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., PNC FINANCIAL SERVICES GROUP, INC.,<br><br>           Defendants. | No. 24-2564<br><br>D.C. No.<br>2:22-cv-05819-SPG-AS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

Argued and Submitted March 26, 2025
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: NGUYEN and MENDOZA, Circuit Judges, and KERNODLE, District Judge.[**]

This appeal arises from a vehicle loan gone awry. Plaintiff–Appellants Jessica Davis and Corey Davis allege that they refinanced and paid off the loan, but that Defendant-Appellee PNC Bank continued to report the loan as showing an unpaid balance. The Davises sued PNC for violating the Fair Credit Reporting Act ("FCRA"). Mr. Davis also sued PNC for violating California's Rosenthal Fair Debt Collections Practices Act. The district court granted summary judgment to PNC on both counts. We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing de novo, we vacate and remand.

1.     The district court correctly found no genuine dispute of fact that PNC's reporting was not "patently incorrect" in violation of the FCRA. *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1108 (9th Cir. 2012) (quoting *Carvalho v. Equifax Info. Servs. LLC*, 629 F.3d 876, 890 (9th Cir. 2010)); *see* 15 U.S.C. § 1681s-2(b). The Davises made four payments on the loan, which totaled $61,345.11—$81.11 less than the $61,426.22 original loan amount. Therefore, PNC's reports that the loan had an outstanding balance were not "incomplete or inaccurate" on this basis. *See Carvalho*, 629 F.3d at 891.

---

[**]     The Honorable Jeremy D. Kernodle, United States District Judge for the Eastern District of Texas, sitting by designation.

2                                                                                          24-2564

2.      The district court erred, however, in holding that this was the only theory of FCRA liability alleged by the Davises. We have held that information furnished to credit reporting agencies ("CRAs") may be "incomplete or inaccurate" under § 1681s-2(b) where it is "materially misleading"—even though the information is technically correct. *See, e.g.*, *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163–64 (9th Cir. 2009); *Drew*, 690 F.3d at 1108. And here, the Davises sufficiently alleged that PNC's reports were materially misleading because the reports failed to inform the CRAs of the parties' "bona fide dispute" regarding the loan balance. *Gorman*, 584 F.3d at 1163 (stating that information is "misleading" if it fails "to report a bona fide dispute"); *id*. at 1164 ("A disputed credit file that lacks a notation of dispute may well be 'incomplete or inaccurate' within the meaning of FCRA, and the furnisher has a privately enforceable obligation to correct the information after notice." (quoting 15 U.S.C. § 1681s-2(b)(1)(D))).

To be sure, the primary focus of the complaint was the patently incorrect theory. But the complaint also alleged that the Davises were repeatedly told their loan was fully paid, the Davises disputed PNC's calculation to the contrary, and PNC nevertheless failed to properly investigate the dispute and modify their reports to reflect the results of the investigation. Although the complaint does not explicitly state that PNC's reports were "materially misleading," a plaintiff "does

3                                                    24-2564

not need to plead specific legal theories in the complaint, as long as the opposing party receives notice as to what is at issue in the lawsuit." *Enter. Mgmt. Ltd., Inc. v. Construx Software Builders, Inc.*, 73 F.4th 1048, 1056 n.5 (9th Cir. 2023) (quoting *Elec. Constr. & Maint. Co. v. Maeda Pac. Corp.*, 764 F.2d 619, 622 (9th Cir. 1985)).  Further, because the "patently incorrect" and "materially misleading" theories are similar, there is no prejudice in requiring PNC to defend both.  *Cf. Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) (rejecting a disparate impact theory of discrimination that would impose "different burdens and defenses" on the defendant than the original disparate treatment theory).

By not considering whether the Davises' FCRA claim could survive summary judgment under this theory, the district court erred in granting summary judgment.

3.	The district court granted summary judgment on Mr. Davis's Rosenthal Act claim based on the erroneous dismissal of the FCRA claim.  The dismissal of the Rosenthal Act claim was therefore also error.  *See* Cal. Civ. Code § 1788.17.

Accordingly, we **VACATE** the district court's summary judgment and **REMAND** to the district court for further proceedings consistent with this memorandum disposition.

All parties to bear their own costs.